## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **DARIU KIRK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO:** |
| **v.** ) | _____ |
| ) | |
| **FIRST ADVANTAGE** ) | |
| **BACKGROUND SERVICES** ) | |
| **CORP.,** ) | |
| ) | |
| **Defendant.** | |

## COMPLAINT

## PRELIMINARY STATEMENT

1. In early 2022, Plaintiff Dariu Kirk applied for employment as a sales associate with Walmart Inc. Shortly thereafter, Walmart purchased a consumer report from Defendant First Advantage Background Services Corp. ("Defendant") on Mr. Kirk to evaluate him for employment purposes.

2. On or about April 5, 2022, Defendant furnished its consumer report to Walmart. Upon its receipt of Defendant's consumer report, Walmart told Mr. Kirk that he would not be able to begin employment because of the criminal record reported Defendant reported in its consumer report.

3. Once Mr. Kirk reviewed Defendant's consumer report, he discovered that Defendant had reported him as having a felony conviction in December 2011 for "robbery threat of force." But Defendant's consumer report had omitted the fact that Mr. Kirk had received a Gubernatorial Pardon for this crime.

4. To try to correct the consumer report, on April 11, 2022, Mr. Kirk filed a dispute with Defendant about this error. Defendant, however, failed to investigate or even respond to Mr. Kirk's dispute. And making matters worse, in August 2022, Mr. Kirk sent Defendant a request for all of the information in his file, including any consumer reports it had furnished to third parties, and Defendant once again ignored Mr. Kirk's request.

5. Mr. Kirk brings these claims against Defendant for multiple violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b) as Defendant's principal office is located in this district and division, Defendant regularly conducts business in this district and division, and a substantial part of the events giving rise to the claims occurred in this district and division.

8.   Defendant is headquartered in Georgia and it has contracted to supply services or things in Georgia.  It sells consumer reports in Georgia and produces consumer reports on Georgia residents.  Defendant also gathers and maintains substantial public records data from Georgia.

## PARTIES

9.   Mr. Kirk is a natural person, a resident of Wisconsin, and a "consumer" as protected and governed by the FCRA.

10.   Defendant is a Florida corporation that conducts business throughout the United States, and its principal office is located in Atlanta, Georgia.

11.   At all relevant times hereto, Defendant has been a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

12.   Congress passed the FCRA to protect consumers from the harm caused by inaccurate reporting.  To this end, the FCRA requires that all consumer reporting agencies (CRAs) that report criminal background information to employers use "reasonable procedures to ensure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b).

13.   Defendant violated this section when it furnished an inaccurate consumer report on Mr. Kirk to his potential employer, Walmart.

14. In early 2022, Plaintiff Dariu Kirk applied for employment as a sales associate with Walmart.

15. Walmart hired Mr. Kirk pending his successful completion of a consumer report.

16. On March 31, 2022, Walmart purchased a consumer report from Defendant about Mr. Kirk.

17. The consumer report that Defendant furnished was to be used for employment purposes.

18. On or about April 5, 2022, Defendant furnished its consumer report to Walmart. Shortly after receiving Defendant's consumer report, Walmart told Mr. Kirk that he would not be able to begin employment because of the criminal record Defendant reported in its consumer report.

19. Upon review of Defendant's consumer report, Mr. Kirk discovered that Defendant had reported him as having a felony conviction in December 2011 for "robbery with threat of force." It also reported Mr. Kirk's sentencing information as "FINE AND COSTS; PROBATION TERMINATED ON 04-01-2014; SENTENCE TERMS ON 03-23-2012; PRISON 2 YEARS IMPOSED AND STAYED; EXTENDED SUPERVISION 4 YEARS IMPOSED AND STAYED;

PROBATION 2 YEARS; CREDIT TIME SERVED 16 DAYS; COMMUNITY SERVICE 50 HOURS; HOUSE OF CORRECTIONS 90 DAYS."

20. But Defendant had omitted the fact that Mr. Kirk had received a Gubernatorial Pardon for this crime.

21. Defendant should have known that its consumer report was inaccurate, as the public court record explicitly identifies the Gubernatorial Pardon in multiple places:

> The Governor of the State of Wisconsin has issued a pardon to the defendant for one or more of the charge(s) for which there was a conviction in this case.
>
> and
>
> Governor of the State of Wisconsin, Tony Evers, DO FULLY AND UNCONDITIONALLY PARDON Dariu D. Kirk of the offense described in this case and restores to him/her all the rights and privileges which may have been forfeited as a result of said offense.

22. To try to correct Defendant's error, on April 11, 2022, Mr. Kirk called Defendant to file a dispute about this omission. That same day, Angelina Garcia with First Advantage, Customer Care wrote to Mr. Kirk and provided him a Service Request Number.

23. To this day, Defendant failed to investigate or even respond to Mr. Kirk's dispute.

24.     Then, on August 1, 2022, Mr. Kirk sent Defendant a request for all of the information in his file, including any consumer reports it had furnished to third parties.  Specifically, Mr. Kirk wrote, "I recently learned that you issued consumer report(s) about me.  Accordingly, I am writing to request a copy of my complete file, including (1) the sources of any information, (2) a list of all entities to which you sent reports about me, and (3) copies of all such reports."  Together with his request, Mr. Kirk enclosed copies of his driver's license and social security card.

25.     To this day, Defendant has failed to respond to Mr. Kirk's request.

## FIRST CLAIM FOR RELIEF

## (15 U.S.C. § 1681e(b))

26.     Plaintiff realleges Paragraph Nos. 1-25 as if fully set forth herein.

27.     Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report furnished regarding Plaintiff.

28.     Defendant knew or should have known about its obligations under the FCRA.  These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

29.     Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

30.     Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

31.     Defendant's violation of the FCRA was willful, rendering it liable pursuant to 15 U.S.C. § 1681n.  In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

32.     Because of this conduct by Defendant, Plaintiff suffered actual damages including without limitation, by example only and as described on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation, and other emotional and mental distress

## SECOND CLAIM FOR RELIEF

## (15 U.S.C. § 1681i(a))

33.     Plaintiff realleges Paragraph Nos. 1-25 as if fully set forth herein.

34.     After Plaintiff submitted his dispute, Defendant violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiff's file.

35. After Plaintiff submitted his dispute, Defendant violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff.

36. After Plaintiff submitted his dispute, Defendant violated 15 U.S.C. § 1681i(a)(5) by failing to promptly record the current status of the disputed information or delete the disputed inaccurate information from Plaintiff's file.

37. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

38. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

39. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

40. Defendant's violation of the FCRA was willful, rendering it liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

41. Because of this conduct by Defendant, Plaintiff suffered actual damages including without limitation, by example only and as described on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation, and other emotional and mental distress

## THIRD CLAIM FOR RELIEF

## (15 U.S.C. § 1681g)

42. Plaintiff incorporates the paragraphs 1-25 as if fully set forth herein.

43. Defendant violated 15 U.S.C. § 1681g by failing to clearly and accurately disclose to Plaintiff all information in his file at the time of his request.

44. Defendant knew its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

45. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

46. Despite knowing of these legal obligations, Defendant acted in reckless and conscious disregard of its known duties and Plaintiff's rights under the FCRA.

47. Defendant's violation of the FCRA was willful, rendering it liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

48. Because of this conduct by Defendant, Plaintiff suffered actual damages including without limitation, by example only and as described on his behalf by counsel: loss of employment, denial of statutorily required information, damage to reputation, embarrassment, humiliation, and other emotional and mental distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. An award of actual, statutory and punitive damages;

b. An award of pre-judgment and post-judgment interest as provided by law;

c. An award of attorney's fees and costs; and

d. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

DATED: October 5, 2022

By: /s/ Andrew Weiner
Jeffrey B. Sand

Ga. Bar No. 181568
Andrew L. Weiner
Ga. Bar No. 808278
WEINER & SAND LLC
800 Battery Avenue SE
Suite 100
Atlanta, GA  30339
(404) 205-5029 (Tel.)
(866) 800-1482 (Fax)
js@wsjustice.com
aw@wsjustice.com

*Counsel for Plaintiff*

11